UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08119-MWC-SK                    Date: October 22, 2025

Title:      Paola Castillo v. Costco Wholesale Corporation

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:
N/A                                        N/A

**Proceedings: (In Chambers) The Court DENIES Plaintiff's motion for leave to file an amended complaint and DENIES as MOOT Plaintiff's motion to remand (Dkt. # 15).**

Before the Court is Plaintiff Paola Castillo's ("Plaintiff") motion for leave to file an amended complaint and to remand ("Motion"). Dkt. # 15 ("*Mot.*"). Defendant Costco Wholesale Corporation ("Defendant") opposed ("Opposition"), Dkt. # 16 ("*Opp.*"), and Plaintiff replied ("Reply"), Dkt. # 17 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **DENIES** Plaintiff's motion with respect to the request for leave to file an amended complaint and **DENIES** as **MOOT** Plaintiff's motion with respect to the request to remand.

I.     Background

On May 14, 2025, Plaintiff filed a complaint in state court asserting six claims against Defendant: (1) "Whistleblower Retaliation (Violation Of Labor Code § 1102.5)," (2) "Disability Discrimination (Gov. Code §§ 12940(a),(c)," (3) "Failure To Accommodate (Gov. Code § 12940(m)(1)," (4) "Failure To Engage In The Interactive Process (Gov. Code § 12940(n)," (5) "Retaliation For Requesting Accommodations (Gov. Code § 12940(m)(2)" and (6) "Wrongful Termination." Dkt. # 4, Ex. A ("*Compl.*"). On August 28, 2025, Costco removed the case to this court based on diversity of citizenship jurisdiction. *See generally* Dkt. # 1 (Notice of Removal).

On September 15, 2025, Plaintiff filed the instant motion for an order granting leave to file the proposed First Amended Complaint and remand the action to state court. *Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-08119-MWC-SK                        Date: October 22, 2025

Title:        Paola Castillo v. Costco Wholesale Corporation

2; Dkt. # 15-1, Ex. 1 (proposed FAC).  Plaintiff argues that remand is required because the proposed FAC "includes no federal claims, and at least one of the defendants," Plaintiff's former general manager, "is a California citizen."  *Mot.* 3.

II.    Discussion

The Court finds that Plaintiff's motion for leave to file an amended complaint is procedurally deficient.

First, Plaintiff's motion should be brought separately from a request for other relief. *See* L.R. 7-4 ("The notice of motion shall contain a concise statement of the relief or Court action the movant seeks"); *Kraft v. Old Castle Precast Inc.*, No. LA CV 15-00701-VBF, 2015 WL 11216774, at *2 (C.D. Cal. Aug. 3, 2015) (stating motions that "seek different relief based on different authorities . . . are appropriately raised separately.").

Second, Plaintiff cites the liberal standard for granting leave to amend under Rule 15, *see Mot.* 5:18–22, but does not offer argument or analysis explaining why the Court should permit Plaintiff's proposed amendment in this case. "[P]roviding a legal standard devoid of any application of that standard to the facts of this case is insufficient to put [Defendant], or the Court, on notice of [Plaintiff's] argument."  *See Patel v. Cnty. of Orange*, No. 8:17-cv-01954-JLS-DFM, 2019 WL 4238875, at *3 n.5 (C.D. Cal. June 19, 2019).

Third, Plaintiff did not comply with Local Rule 7-3, which requires counsel to meet and confer at least 7 days prior to filing a motion, and to certify with the Court that the parties did so.  L.R. 7-3.  Here, Plaintiff's counsel attests that, "[o]n September 11, 2025, Plaintiff emailed the Defense re the possibility of a motion for leave to amend and a motion for remand; and Defense counsel subsequently indicated that they would oppose any such motions."  Dkt. # 15-1 ¶ 4.  Defendant's counsel avers that Defendant did not receive any notice prior to filing.  *Opp.* 4:1-2.  Even four days' notice does not satisfy the requirements for meeting and conferring in this district.

Fourth, Plaintiff fails to comply with the Court's Standing Order, which requires all motions for leave to amend, among other things, "(3) state the page and line number(s) and wording of any proposed change or addition of material; and (4) include as an attachment a 'redlined' version of the proposed amended pleading indicating all additions and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-08119-MWC-SK | Date: October 22, 2025 |
| Title: | Paola Castillo v. Costco Wholesale Corporation | |

deletions of material." Dkt. # 11 (Standing Order) ¶ 7.b. Plaintiff has not stated the wording of the proposed change of material nor attached a "redlined" version of the proposed FAC.

Plaintiff does not dispute that the motion for leave to amend is procedurally deficient. Instead, Plaintiff characterizes the Court's standing order and Local Rules as "procedural quibbles" that do not justify denying leave. *Reply* 2. On the contrary, Plaintiff must show leave to file an amended complaint is appropriate. *See* Fed. R. Civ. P. 15(a)(2) (if a party may not amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave"); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave may properly be denied where undue delay, bad faith, undue prejudice, or futility are present).

III.    Conclusion

For the foregoing reasons, the Court **DENIES** without prejudice Plaintiff's Motion with respect to the request for leave to file an amended complaint. Any motion for leave to file an amended complaint should be filed, separate from any other requests for relief, within 21 days of this order.

The Court **DENIES** as **MOOT** Plaintiff's motion with respect to the request to remand, without prejudice to Plaintiff bringing a motion to remand on an operative complaint.

**IT IS SO ORDERED.**

:

**Initials of Preparer**    TJ